[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 23, 1993, the plaintiff, Showmart Management Ltd., of Ontario, Canada, filed a motion for summary judgement in lieu of complaint pursuant to the Uniform Enforcement of Foreign Judgments Act, General Statutes 52-604 to 52-609 ["UEFJA"] and the Uniform Foreign Money Judgments Recognition Act, General Statutes to 50a-38. The plaintiff seeks payment of a $36,034.63 judgment against the defendant, Satra Arts International, Ltd., which was entered in Ontario and has not been satisfied. According to the plaintiff, the defendant is incorporated in Delaware and has its principal place of business in Greenwich, Connecticut. In support of its motion, the plaintiff attached copies of the following materials: the affidavit of Rose Sinicrope of Toronto, counsel to the plaintiff; the statement of the claim against the defendant filed in the Ontario court by plaintiff's counsel; proof of service of the instant motion upon the defendant in Greenwich; a form entitled "Notice of Intent to Defend" filed in the Ontario court by defendant's counsel; a letter to Sinicrope from defendant's counsel in Canada stating that the defendant would not be filing a defense; and the affidavit of Christopher Caldwell, an associate at the Greenwich law firm representing the plaintiff in connection with this motion.
On January 23, 1994, the defendant filed a memorandum of law in opposition to the motion for summary judgment in lieu of complaint, wherein it claims that such a motion is not permitted under Connecticut practice and should therefore be denied. The plaintiff claims that the motion is provided for in General Statutes 52-607.
A search of Connecticut Supreme, Appellate and Superior court cases revealed no instance wherein any type of action was commenced by a motion for summary judgment in lieu of complaint. The UEFJA, which was adopted by Connecticut in 1973, permits a foreign judgment creditor to seek payment on a valid foreign judgment by simply filing such judgment and supporting documents with the court in which enforcement of such judgment is sought. See 52-605. However, 52-607 provides that "[t]he right of a judgment creditor to proceed by an action on the judgment or a motion for summary CT Page 1820 judgment in lieu of complaint instead of proceeding under sections52-604 to 52-609, inclusive, remains unimpaired." Since this uniform act was adopted, courts have recognized a creditor's right to proceed by an independent action on the foreign judgment, even if it could have relied upon the procedure set out in 52-605. Seaboard Sur. Co. v, Waterbury, 38 Conn. Sup. 468, 471-72,451 A.2d 291 (1982). However, no Connecticut court has ever recognized the right to proceed on an action for payment of a foreign judgment by way of a summary judgment in lieu of complaint. The only courts which mentioned such a procedure at all have done so when citing52-607 in its entirety or when referring to a judgment entered in another state where the procedure is recognized. See Carlucci v. Wittek, Superior Court, Judicial District of Stamford/Norwalk at Stamford, docket no. 113131 (June 7, 1991) (procedure recognized in New York).
Practice Book 131 provides in relevant part that "[t]he first pleading on the part of the plaintiff shall be known as the complaint." In the present case, the first pleading filed was a motion for summary judgment rather than a complaint. Because there is no complaint upon which the plaintiff can move for summary judgment, the court accordingly denies the motion. The plaintiff may choose to bring an independent action against the defendant pursuant to the Practice Book Rules or proceed under General Statutes 52-605.
KARAZIN, J.